IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SACHA FERNANDEZ,                           :
                    *Plaintiff*,           :        CIVIL ACTION
                                           :
        v.                                 :
                                           :
PETER FAMIGLIO, individually and as        :
Plan Administrator of Peter Famiglio       :
401(k) Plan,                               :
                    *Defendant*.           :        NO. 26-cv-0105

## MEMORANDUM

**KENNEY, J.**                                              **May 29, 2026**

Plaintiff Sacha Fernandez, proceeding *pro se*, brings this action against Defendant Peter

Famiglio, individually and as Plan Administrator of Peter Famiglio 401(k) Plan, for alleged

violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§§ 1001, *et seq.* ECF No. 16 (First Amended Complaint, hereinafter "FAC"). Before the Court is

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 19 (the "Motion").

For the reasons set forth below, the Court will **GRANT** Defendant's Motion to Dismiss.

## I.    BACKGROUND

The facts are taken from the FAC and Plaintiff's initial Complaint (ECF No. 1, hereinafter

"Compl.") and are accepted as true at the motion-to-dismiss stage.[1] *See Fowler v. UPMC*

---

[1] Although the FAC is the operative pleading in this case and as a result, the contents of Plaintiff's initial Complaint (ECF No. 1) should be irrelevant, *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), the Court ordered Defendant to consider the allegations of Plaintiff's initial Complaint (ECF No. 1) as incorporated into the FAC if Defendant were to file a renewed motion to dismiss, ECF No. 18. Plaintiff's initial Complaint (ECF No. 1) contains more detailed allegations regarding Plaintiff's ERISA § 502(c) claim than does the FAC, and because the allegations of *pro se* litigants must be construed liberally, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), the Court will accept as true the factual allegations from both the FAC and Plaintiff's initial Complaint when considering Defendant's Motion. The initial Complaint and the FAC assert the same three causes of action, but the Court will use the ordering of the counts in

1

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plaintiff Sacha Fernandez was employed by Defendant from July 2014 through January 2020. FAC ¶ 5. Plaintiff alleges that Defendant Peter Famiglio is an employer and 401(k) plan administrator within the meaning of ERISA. *Id.* ¶ 4. While employed by Defendant, Plaintiff was a participant in Defendant's 401(k) plan. *Id.* ¶ 3. During her time working for Defendant, Plaintiff discovered that Defendant engaged in allegedly illegal billing practices, such as causing patients to pay for services themselves by telling patients that insurance did not cover the services provided instead of billing their insurance companies. *Id.* ¶ 6. Plaintiff alleges that she reported and objected to Defendant's billing practices on or about July 2020. *Id.* ¶ 7. Defendant's brother, who is an attorney, allegedly sent Plaintiff a letter threatening to sue her and keep her 401(k) funds if Plaintiff spoke up about Defendant's billing practices. *Id.* ¶ 8. Following Plaintiff's protected activity, she alleges that Defendant retaliated against her by withholding her 401(k) contributions and/or vested benefits, refusing to provide her with required plan documents, and concealing information Plaintiff needed to understand her rights relating to the 401(k) plan. *Id.* ¶ 9.

Around June 2020, Plaintiff made written requests to Defendant for account information and documents relating to her 401(k) plan to which she had contributed over the course of her employment by Defendant. Compl. ¶ 3. The written requests sought the following information: a summary plan description, plan documents, account statements, and information needed to release her 401(k) funds. *Id.* Plaintiff alleges she made these requests via email and written letters sent by certified mail to Defendant in his capacity as the plan's administrator. *Id.* ¶ 4. According to Plaintiff, Defendant did not provide the requested documents within 30 days, as required by ERISA. *Id.* ¶ 5. Plaintiff claims that despite her repeated requests, Defendant continued to withhold

---

the FAC when identifying each count because the FAC is the operative pleading.

plan documents and account information from her for years. *Id.* ¶ 6. Plaintiff informed Defendant that she suspected Defendant was potentially engaging in unlawful conduct with respect to the handling of the 401(k) plan. *Id.* ¶ 7. She told Defendant that she would report his allegedly improper conduct if his withholding of her 401(k) funds continued. *Id.* ¶¶ 7–9. In response, Defendant retaliated against Plaintiff by continuing to withhold plan documents and refusing to release Plaintiff's retirement funds. *Id.* ¶ 11. Defendant finally provided the requested documents and plan information to Plaintiff in April 2024, after Plaintiff initiated legal action against Defendant. *Id.* ¶ 21.

Plaintiff alleges that "Defendant's actions were intentional and designed to punish Plaintiff for speaking up and to deter Plaintiff from asserting legal rights." FAC ¶ 10. As a result of Defendant's actions, Plaintiff alleges that she "suffered financial harm, emotional distress, and loss of protected benefits." *Id.* ¶ 11. Plaintiff's FAC asserts three causes of action against Defendant: one claim for ERISA retaliation under Section 510, 29 U.S.C. § 1140 (Count I), one claim for failure to provide plan documents pursuant to ERISA, 29 U.S.C. §§ 1024, 1132(c) (Count II), and one claim for whistleblower retaliation under 31 U.S.C. § 3730(h) (Count III). *Id.* ¶¶ 11–17.

Plaintiff filed her initial Complaint (ECF No. 1) on January 8, 2026, which Defendant moved to dismiss on January 19, 2026. ECF No. 9. Plaintiff then filed for leave to amend her initial Complaint, which the Court granted. ECF Nos. 15, 18. The FAC was filed on January 23, 2026. ECF No. 16. Defendant moved to dismiss Plaintiff's FAC on February 5, 2026. ECF No. 19. Plaintiff opposed the Motion, ECF No. 20, and Defendant filed a reply, ECF No. 21, to which Plaintiff filed a sur-reply, ECF No. 22, and Defendant responded with a sur-surreply, ECF No. 23. Accordingly, the Motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, courts must construe the plaintiff's allegations liberally. *Higgs*, 655 F.3d at 339. However, *pro se* plaintiffs must still follow the same rules of procedure as other litigants. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) ("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief." (internal quotations and citation omitted)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d

Cir. 1997). However, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up) (citation omitted). The court may also "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Keystone Redev. Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (citation omitted).

As relevant here, the Third Circuit allows defendants to raise a statute of limitations defense in a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations omitted)). That is, the statute of limitations defense must be apparent on the face of the complaint in order to serve as the basis for dismissal of a claim under Rule 12(b)(6). *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

## III.   DISCUSSION

Defendant moves to dismiss the FAC for failure to state a claim and also raises statute of limitations defenses to Counts I and II. ECF No. 19. For the reasons stated, the Court will grant Defendant's Motion and dismiss the FAC in full.

### A.  Plaintiff Fails to State a Claim for ERISA Retaliation under § 510

In the FAC, Plaintiff attempts to assert a claim against Defendant for retaliation under ERISA § 510, 29 U.S.C. § 1140. FAC ¶¶ 11–13. "Section 510 of ERISA prohibits employers from discharging or harassing their employees in order to keep them from obtaining [employee] benefits." *DiFederico v. Rolm Co.*, 201 F.3d 200, 204 (3d Cir. 2000) (internal quotations and citation omitted) (alteration in original). Section 510 provides that:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or
> discriminate against a participant or beneficiary for exercising any right to which

he is entitled . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled . . . . It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this chapter[.]

29 U.S.C. § 1140. To recover under § 510, an employee must allege "(1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Fischer v. Phila. Elec. Co.*, 96 F.3d 1533, 1543 (3d Cir. 1996) (citation omitted).

Here, as Defendant argues in his Motion (ECF No. 19-2 at 16–17), Plaintiff has failed to allege any "prohibited employer conduct" in either her FAC or the initial Complaint. Neither pleading contains any factual allegations suggesting that Defendant attempted to engage in any "of the [prohibited] actions listed in § 510 as giving rise to a discrimination claim." *Id.* Plaintiff does not allege that Defendant tried to "discharge, fine, suspend, expel, discipline, or" otherwise "discriminate against" her. 29 U.S.C. § 1140; *see Fischer*, 96 F.3d at 1543 (finding that the plaintiff class failed to state a claim under § 510 because none of the class members were discharged, fined, suspended, expelled, disciplined, or discriminated against). Because Plaintiff has failed to allege that Defendant engaged in "prohibited employer conduct," she is not entitled to relief pursuant to ERISA § 510.

Even construing the pleadings broadly, as the Court must do when there is a *pro se* litigant, Plaintiff has failed to allege that Defendant discriminated against her within the meaning of ERISA § 510. *See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1503 (3d Cir. 1994) ("The only one of [the § 510] terms capable of broad interpretation is 'discriminate.'"). Plaintiff's only plausible allegation that Defendant discriminated against her for speaking out against his allegedly illegal billing practices and improper handling of the 401(k)

6

plan is that "Defendant's withholding of 401(k) benefits constitutes unlawful retaliation under ERISA § 510." FAC ¶ 13; *see also id.* ¶ 9 (alleging that Defendant's retaliatory actions included "[w]ithholding Plaintiff's 401(k) contributions and/or vested benefits," "[r]efusing to provide required plan documents," and "[c]oncealing information necessary for Plaintiff to understand [her] rights or where to file a complaint"); Compl. ¶ 11 ("Rather than remedy the misconduct, Defendant responded by escalating retaliatory actions against Plaintiff, including continuing to withhold legally required 401(k) plan documents and refusing to release Plaintiff's retirement funds."). These allegations of discrimination, however, all took place *after* Plaintiff had ended her employment with Defendant. This distinction is significant because the Third Circuit has held that the term "discriminate" in ERISA § 510 is "limited to actions affecting the employer-employee relationship." *Haberern*, 24 F.3d at 1503. Thus, "a fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship . . . was changed in some discriminatory or wrongful way." *Id.* (internal quotations and citation omitted).

Based on the pleaded facts, Plaintiff cannot show that any employer-employee relationship was affected by Defendant's discriminatory actions because all of Defendant's alleged retaliatory conduct occurred when Plaintiff was not Defendant's employee. Plaintiff alleges that her employment with Defendant ended in January 2020. Compl. ¶ 2; FAC ¶ 5. However, according to the factual allegations in her pleadings, Plaintiff only reported or objected to Defendant's purported illegal billing practices in July 2020, when Plaintiff no longer worked for Defendant. FAC ¶¶ 6–7. Plaintiff also alleges that she informed Defendant that she would report his improper handling of the 401(k) plan sometime after June 2020, which, again, is after Plaintiff had already stopped working for Defendant. Compl. ¶¶ 3–7. And, according to Plaintiff, Defendant's retaliatory withholding of plan documents and Plaintiff's 401(k) funds was "designed to punish

Plaintiff for speaking up," FAC ¶ 10, so the retaliation necessarily took place *after* Plaintiff reported or threatened to report Defendant's unlawful practices in June and July of 2020. At that point in time, Plaintiff had no employer-employee relationship with Defendant because she ended her employment with him in January 2020, and so, any alleged retaliatory conduct by Defendant could not have affected or changed the employer-employee relationship between Plaintiff and Defendant.

In cases where courts have allowed an ERISA § 510 retaliation claim to proceed, the employer-employee relationship was always affected by way of an improper termination or some level of harassment by the employer. *See, e.g., Bowen v. Nationwide Mut. Ins. Co.*, No. 1:19-cv-00017, 2019 WL 4412805, at *4 (M.D. Pa. Sept. 16, 2019) (dismissing plaintiff's § 510 retaliation claim because plaintiff's alleged statutorily protected activity—filing for severance benefits—occurred seven months after her termination and so, cannot support an inference that defendants' alleged retaliatory action was in response to her protected activity); *Najmola v. Women's Healthcare Grp. of PA*, No. 13-cv-6519, 2014 WL 3700260, at *6 (E.D. Pa. July 24, 2014) (finding that plaintiff stated a claim for retaliation under § 510 because she alleged that she utilized an ERISA-protected short-term disability plan and was terminated shortly after informing her employer that she was able to return to work following a period of disability leave); *Narodetsky v. Cardone Indus., Inc.*, No. 09-cv-4734, 2010 WL 678288, at *5–6 (E.D. Pa. Feb. 24, 2010) (refusing to dismiss plaintiff's § 510 claim because it was reasonable to infer that defendant intended to interfere with plaintiff's plan benefits by terminating plaintiff's employment shortly after plaintiff conveyed his intent to take medical leave); *Deeming v. Am. Standard, Inc.,* 905 F.2d 1124, 1128 (7th Cir. 1990) ("Section 510 of ERISA is simply not the appropriate vehicle for redressing the unilateral elimination of severance benefits accomplished independently of

8

employee termination or harassment."). Because Plaintiff has failed to allege any retaliatory actions by Defendant that affected or changed her employer-employee relationship, Plaintiff has failed to state a viable claim under ERISA § 510. Accordingly, the Court will dismiss Count I in the FAC.

### B. Plaintiff's Claim for Failure to Provide Plan Documents Under ERISA § 502(c) is Time-Barred

Plaintiff asserts a claim for failure to provide plan documents under ERISA § 502(c), 29 U.S.C. §§ 1024, 1132(c). FAC ¶¶ 14–15. "Section 502(c)(1)(B) of ERISA imposes liability for an administrator's violation of disclosure requirements found in other sections" of the statute. *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-cv-552, 2015 WL 3938925, at *4 (D.N.J. June 25, 2015) (internal quotations and citation omitted). Section 502(c) of ERISA provides that:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c). The statute further provides that an "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary[ ] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). ERISA § 502(c) is a penal statute and so, its purpose is to "induce plan administrators to comply with ERISA's disclosure provisions, and not to make a participant whole." *Rumpf v. Metro. Life Ins. Co.*, No. 09-cv-557, 2010 WL 2902543, at *10 (E.D. Pa. July 23, 2010) (citation omitted).

Defendant argues that Plaintiff's § 502(c) claim is time-barred. ECF No. 19-2 at 12–15. Upon a careful review of the factual allegations in the pleadings, the Court agrees and will dismiss Plaintiff's § 502(c) claim because it is barred by the applicable statute of limitations. Since ERISA does not provide a statute of limitations for actions brought under § 502(c), the Court will apply the most analogous state statute of limitations in Pennsylvania, the forum state. *See Syed v. Hercules Inc.*, 214 F.3d 155, 159 (3d Cir. 2000) (stating that "courts generally turn to the most analogous state statute of limitations" when a statute such as ERISA does not include its own statute of limitations for a particular cause of action); *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 n.2 (3d Cir. 2007) (noting that ERISA has no statute of limitations for non-fiduciary claims and so, "[f]or non-fiduciary claims, the applicable statute of limitations is that of the forum state claim most analogous to the ERISA claim at hand" (internal quotations and citation omitted)).

The Third Circuit has not yet spoken to which cause of action is most analogous to that in ERISA § 502(c), although it has recognized that § 502(c) is a penal provision because the section imposes personal liability on plan administrators who fail to furnish plan information when requested. *Groves v. Modified Ret. Plan for Hourly Paid Emps. of Johns Manville Corp.*, 803 F.2d 109, 117 (3d Cir. 1986). In accordance with the Third Circuit's holding that § 502(c) is a penal statute, district courts in this Circuit have found that the most analogous cause of action to that in § 502(c) is an action for civil penalty and forfeiture. *See, e.g., Cohen v. Zarwin & Baum, P.C.*, No. 93-cv-2145, 1993 WL 460795, at *2 (E.D. Pa. Nov. 9, 1993); *Valentino v. Cont'l Cas. Co.*, No. 99-cv-1101, 2000 WL 33341979, at *2 (W.D. Pa. June 29, 2000) (finding that an action for civil penalty and forfeiture is the most analogous claim to actions asserted under § 1132(c)(1)). Appellate courts outside this Circuit have also found that a § 502(c) action is most analogous to actions for civil penalties and forfeitures. *Brown v. Rawlings Fin. Servs., LLC*, 868 F.3d 126, 127

10

(2d Cir. 2017) (holding that actions to recover civil forfeitures in Connecticut were most analogous to § 502(c) claims); *Iverson v. Ingersoll-Rand Co.*, 125 F. App'x 73, 76–77 (8th Cir. 2004) (holding that civil actions for a penalty or forfeiture were most analogous to § 502(c) actions).

In line with the other district courts in this Circuit, this Court finds that the most analogous cause of action to that in § 502(c) is an action for civil penalty and forfeiture. Accordingly, the statute of limitations that is applicable to Plaintiff's § 502(c) claim is the statute of limitations for Pennsylvania's civil penalty or forfeiture action. Under 42 Pa. Cons. Stat. Ann. § 5524(5), there is a two year statute of limitations for civil penalty or forfeiture actions in Pennsylvania. 42 Pa. Cons. Stat. Ann. § 5524(5); *see Cohen*, 1993 WL 460795, at *2 ("Pennsylvania law provides that an action upon a statute for a civil penalty or forfeiture must be commenced within two years of the date that the claim accrues."). "A claim for civil penalties pursuant to section 1132(a)(1)(A) accrues after: (a) plaintiff makes a demand for information to which he is entitled under ERISA and (b) defendant fails to provide the requested information within thirty days of the demand." *Cohen*, 1993 WL 460795, at *2.

In the initial Complaint, Plaintiff alleges that she made written requests to Defendant for plan information "[b]eginning in or about June 2020." Compl. ¶ 3. Plaintiff alleges that Defendant did not provide the requested documents within thirty days of her written demand. *Id.* ¶ 5. Thus, Plaintiff's § 502(c) claim against Defendant began to accrue, at the latest, by the end of July 2020. Applying the two year statute of limitations under 42 Pa. Cons. Stat. Ann. § 5524(5), Plaintiff's § 502(c) claim against Defendant expired by the end of July 2022 or shortly thereafter.[2] Plaintiff

---

[2] In her opposition to Defendant's Motion, Plaintiff states that she made two requests for information pursuant to 29 U.S.C. § 1024(b)(4): an initial request on July 8, 2020, and a written request on July 24, 2020. ECF No. 22 at 3. The dates of these requests do not appear in Plaintiff's initial Complaint (ECF No. 1) or the FAC (ECF No. 16). Copies of both requests were attached to Plaintiff's Motion for Leave to File First Amended Complaint. ECF No. 15 at 7, 11. As such, they

did not file the instant lawsuit until January 8, 2026, well after the statute of limitations for her

§ 502(c) claim had expired. *See* Compl. As such, the Court finds that Plaintiff's § 502(c) claim

against Defendant is time-barred.

Plaintiff argues that her § 502(c) claim is timely due to the continuing violations and

equitable tolling doctrines. ECF No. 22 at 6–7. Neither of these doctrines apply to Plaintiff's claim.

The continuing violations doctrine is an equitable exception to the deadline imposed by a statute

of limitations and provides that "when a defendant's conduct is part of a continuing practice, an

action is timely so long as the last act evidencing the continuing practice falls within the limitations

period; in such an instance, the court will grant relief for the earlier related acts that would

otherwise be time barred." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting

*Brenner v. Loc. 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir.

1991)). Plaintiff argues that because the allegedly wrongful withholding of her 401(k) funds

"continued until April 2024," Defendant's actions of withholding the funds constituted an ongoing

violation. ECF No. 22 at 6. However, this characterization of Defendant's actions is incorrect and

no continuing violation occurred. Plaintiff sent separate, discrete written requests for information

to Defendant and does not "allege or identify any ongoing, discriminatory policy, or series of

discriminatory acts, as required for the continuing violation doctrine to apply." *Schultz v. Texaco,*

*Inc.*, 127 F. Supp. 2d 443, 447 (S.D.N.Y. 2001). Each discrete request by Plaintiff had an

---

may be construed as exhibits attached to the FAC and the Court may consider them when deciding
Defendant's Motion. *See Keystone Redev. Partners, LLC*, 631 F.3d at 95. In any case, the fact that
Plaintiff made the requests in July 2020, as opposed to June 2020 as alleged in the initial
Complaint, does not move the needle on the statute of limitations analysis. If the requests were
made in late July 2020, then Plaintiff's § 502(c) claim against Defendant began to accrue by the
end of August 2020. Under a two year statute of limitations, Plaintiff's § 502(c) claim expired by
the end of August 2022 or shortly thereafter. Thus, Count II would still be time-barred if the Court
considers the exhibits attached to Plaintiff's Motion in ECF No. 15.

accompanying thirty-day deadline, which Defendant allegedly missed each time. Defendant's failure to furnish the requested documents within each thirty-day window constituted a single wrongful act, not a continuing practice. "[T]he mere fact that the effects of a single, wrongful act continue to be felt over a period of time does not render that single, wrongful act a 'continuing violation.'" *Id.* (finding that the employers' misclassifications of plaintiffs as independent workers were "discrete, singular actions" even though plaintiffs alleged that the misclassifications continued to interfere with their employment benefits). Thus, the continuing violations doctrine is not applicable to Plaintiff's § 502(c) claim.

Under Pennsylvania law, equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Dubose v. Quinlan*, 173 A.3d 634, 644 (Pa. 2017) (citation omitted). Here, Plaintiff alleges no facts suggesting that an extraordinary circumstance prevented her from filing her § 502(c) claim before the statute of limitations expired. Plaintiff states that she lacked the necessary plan documents to "[d]etermine applicable procedures" and "[u]nderstand claims and appeals requirements," ECF No. 22 at 6, but she did not need any plan documents to become aware of her injury when Defendant allegedly failed to provide her with the requested plan information within thirty days of her written demand. The fact that Defendant did not furnish the required information within the thirty-day deadline should have been enough to alert Plaintiff that she has an actionable § 502(c) claim against Defendant. *Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, No. 06-cv-2065, 2008 WL 2228841, at *7 (D. Conn. May 27, 2008) (explaining that "Section 502(c) explicitly provides that an administrator's failure to respond to a plan participant's document request within thirty days is actionable" and "[g]iven the plain language of the statute, the exercise of reasonable diligence

would have informed [plaintiff] of her right to sue once the defendants failed to respond to her document request").

For the reasons stated, the Court finds that the continuing violations and equitable tolling doctrines did not toll the two-year limitations period that apply to Plaintiff's § 502(c) claim. Accordingly, the Court finds that Plaintiff's § 502(c) claim is time-barred and will dismiss Count II in the FAC on that basis. Because the Court finds that Count II is time-barred, the Court declines to comment on Defendant's argument that the FAC failed to state a claim for a violation of ERISA § 502(c). *See* ECF No. 19-2 at 8–12.

### C. Plaintiff Fails to State a Claim for Whistleblower Retaliation Under § 3730(h)

Plaintiff asserts a claim for whistleblower retaliation under 31 U.S.C. § 3730(h) in Count III of her FAC. FAC ¶¶ 16–17. Plaintiff claims that she "engaged in protected activity by reporting suspected fraud against the United States" and "Defendant retaliated against [her] by withholding compensation and benefits."[3] *Id.* Section 3730(h) provides that:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h)(1). Known as the "whistleblower" provision, § 3730(h) "broadly protects employees who assist the government in prosecuting and investigating False Claims Act violations." *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 186 (3d Cir. 2001). "A plaintiff

---

[3] In his Motion, Defendant states that the FAC asserts a "federal claim against the United States," ECF No. 19-2 at 5, *see id.* at 1 n.1, but that is incorrect. In the FAC, Plaintiff alleges that the suspected fraud she reported was perpetuated against the United States, not that she is stating a claim against the United States. *See* FAC ¶ 16. The FAC still asserts a claim for whistleblower retaliation under 31 U.S.C. § 3730(h) against Defendant individually. *Id.* ¶¶ 16–17.

asserting a cause of action under § 3730(h) must show (1) he engaged in 'protected conduct,' (i.e., acts done in furtherance of an action under § 3730) and (2) that he was discriminated against because of his 'protected conduct.'" *Id.* (citing *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C. Cir. 1998)). Further, a plaintiff must show that "his employer had knowledge he was engaged in 'protected conduct'" and "that his employer's retaliation was motivated, at least in part, by the employee's engaging in 'protected conduct.'" *Id.*

Defendant argues that Plaintiff's § 3730(h) claim fails because ERISA preempts the claim and Plaintiff fails to allege the but-for causation of an adverse action. ECF No. 19-2 at 20–22. Regardless of whether Plaintiff's § 3730(h) claim is preempted by ERISA, the Court finds that Plaintiff has failed to state a claim under § 3730(h) and will dismiss Count III on that basis. In the FAC, Plaintiff alleges that she "reported and objected to" the Defendant's allegedly illegal billing practices in July 2020, which is approximately six months after she terminated her employment with Defendant in January 2020. FAC ¶¶ 5–7. Because Plaintiff was no longer working for Defendant at the time that she allegedly reported Defendant's billing practices, Plaintiff has not alleged that she was discriminated against because of her "protected conduct." Since Plaintiff was not Defendant's employee, she cannot show that she was discriminated against "in the terms and conditions of [her] employment," 31 U.S.C. § 3730(h)(1), because she was not in an employer-employee relationship with Defendant at the time of her alleged reports against Defendant. Additionally, Plaintiff has not pleaded adequate details in either her initial Complaint or her FAC regarding her "protected conduct." For example, she does not identify the entity or individual to whom she reported Defendant's practices or state whether her reporting was done in furtherance of an action under § 3730 such that Defendant was "on notice that [she] was investigating and pursuing a potential False Claims Act suit." *Hutchins*, 253 F.3d at 186. Thus, Plaintiff has failed

15

to state a viable claim for whistleblower retaliation under 31 U.S.C. § 3730(h) and the Court will dismiss Count III.

## IV.  CONCLUSION

For the reasons set forth above, this Court will **GRANT** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 19). The First Amended Complaint (ECF No. 16) will be dismissed in its entirety without prejudice. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

16