**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SACHA FERNANDEZ,** | : | |
| ***Plaintiff,*** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PETER FAMIGLIO, individually and as** | : | |
| **Plan Administrator of Peter Famiglio** | : | |
| **401(k) Plan,** | : | |
| ***Defendant.*** | : | **NO. 26-cv-0105** |

**MEMORANDUM**

**KENNEY, J.** **July 31, 2026**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Plaintiff Sacha Fernandez, proceeding *pro se*, moves the Court to reconsider its May 29, 2026 Order (ECF No. 25) granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as to Plaintiff's claim for failure to provide plan documents pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1024, 1132(c) ("Count II"). *See* ECF No. 26 (Plaintiff's Motion for Reconsideration of Dismissal of Count II (the "Motion")). In support of her Motion, Plaintiff filed fifteen exhibits, *see* ECF No. 26 at 10–41, five of which were previously filed with Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 15 at 7–13. Defendant filed a Response in Opposition to Plaintiff's Motion for Reconsideration on June 24, 2026. ECF No. 28. For the foregoing reasons, the Court will deny Plaintiff's Motion.

## I. DISCUSSION

A motion for reconsideration is an "extremely limited" remedy, which courts grant "only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Accordingly, a party seeking reconsideration must

demonstrate one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

**A. Plaintiff Has Not Demonstrated a Change in Controlling Law or New Evidence**

In conjunction with her Motion for Reconsideration, Plaintiff filed a Second Amended Complaint ("SAC") alleging the specific dates, names of recipients, content, and responses received with respect to her ERISA requests. ECF No. 27. Of the fifteen exhibits attached to the SAC, ten are new to the record, although they appear to have been available to Plaintiff at the time of the filing of her initial Complaint. However, the factual allegations in Plaintiff's initial Complaint and First Amended Complaint ("FAC") were taken to be true even without these exhibits when the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's claims. *See* ECF No. 24 at 1 n.1 ("[T]he Court will accept as true the factual allegations from both the FAC and Plaintiff's initial Complaint when considering Defendant's Motion."). Since the allegations in the initial Complaint and the FAC were accepted as true, and the exhibits filed with Plaintiff's SAC were previously available to Plaintiff, the new allegations in the SAC do not change the outcome of the Court's decision regarding Defendant's Motion to Dismiss.

Plaintiff has also not presented any intervening change in controlling law since the Court issued its May 29, 2026 Order granting the Motion to Dismiss.

**B. Plaintiff's Claim for Failure to Provide Plan Documents Under ERISA § 502(c) is Time-Barred**

This Court properly dismissed Plaintiff's claim for failure to provide plan documents under ERISA § 502(c), 29 U.S.C. §§ 1024, 1132(c) ("Count II"). ECF No. 25; *see* ECF No. 24 at 9–14. Plaintiff's § 502(c) claim is time-barred, and neither the continuing violations doctrine nor the

equitable tolling doctrine tolls the two-year limitations period that applies to Plaintiff's § 502(c) claim.

As this Court found in its May 29, 2026 Memorandum Opinion, the Pennsylvania statute of limitations for the most analogous cause of action is applied to Plaintiff's § 502(c) claim since ERISA does not provide a statute of limitations for actions brought under that provision. ECF No. 24 at 10; *see Syed v. Hercules, Inc.*, 2014 F.3d 155, 159 (3d Cir. 2000); *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 n.2 (3d Cir. 2007). District courts in this Circuit apply the statute of limitations for civil penalty and forfeiture actions to § 502(c) claims. *See, e.g., Cohen v. Zarwin & Baum, P.C.*, No. 93-cv-2145, 1993 WL 460795, at *2 (E.D. Pa. Nov. 9, 1993); *Valentino v. Cont'l Cas. Co.*, No. 99-cv-1101, 2000 WL 33341979, at *2 (W.D. Pa. June 29, 2000). The statute of limitations for a civil penalty or forfeiture action in Pennsylvania is two years. 42 Pa. Cons. Stat. Ann. § 5524(5). Plaintiff first requested ERISA plan documents from Defendant in an email dated July 8, 2020, ECF No. 26 at 10, and a written request mailed to Defendant on July 24, 2020, *id.* at 11.

With her SAC, Plaintiff included an email dated July 8, 2020 requesting her "last pay check, pension plan or 401k," *id.* at 10, and a follow-up written request mailed to Defendant on July 24, 2020, *id.* at 11. Plaintiff further alleges that Defendant did not provide the requested documents and that she obtained the documents only after filing a legal action in the Chester County Court of Common Pleas and issuing a subpoena to third-party Ascensus. ECF No. 27 ¶¶ 27–30. Accordingly, Plaintiff's § 502(c) claim against Defendant began to accrue in August 2020, after Defendant's statutory thirty-day deadline to respond to Plaintiff's written request had passed. Applying the two-year statute of limitations under 42 Pa. Cons. Stat. Ann. § 5524(5), Plaintiff's § 502(c) claim against Defendant expired by the end of August 2022.

Plaintiff argues that her § 502(c) claim is timely due to the continuing violations and equitable tolling doctrines, offering evidence that she acted diligently by pursuing the action in state court and contacting Ascensus directly to investigate the status of her retirement funds. ECF No. 26 at 5. However, as the Court previously concluded in its Memorandum Opinion regarding Defendant's Motion to Dismiss, neither doctrine applies to Plaintiff's claim. *See* ECF No. 24 at 12. Plaintiff first requested plan documents from Defendant on July 8, 2020, ECF No. 26 at 10, and sent a follow-up email on December 3, 2020, *id.* at 15. Other communications occurred in the interim. *See id.* at 11–14. Plaintiff then filed a complaint in the Chester County Court of Common Pleas on December 15, 2023, ECF No. 28-3 at 6, and voluntarily dismissed the suit on January 2, 2026 without prejudice, ECF No. 26 at 36. The instant action was initiated on January 8, 2026. ECF No. 1.

Under ERISA § 502(c), Defendant had thirty days to respond to Plaintiff's written request. *See* 29 U.S.C. § 1132(c)(1). Defendant's failure to respond was an actionable wrong that occurred on day thirty-one following each request. The mere fact that Plaintiff sent separate requests for information does not mean that Defendant's actions, or in this case inaction, constituted "any ongoing, discriminatory policy, or series of discriminatory acts, as required for the continuing violation doctrine to apply." *Schultz v. Texaco, Inc.*, 127 F. Supp. 2d 443, 447 (S.D.N.Y. 2001). Defendant's failure to furnish the requested documents within each thirty-day window constituted a single wrongful act, not a continuing practice.

Furthermore, as the Court previously noted, Plaintiff has alleged no facts suggesting that an "extraordinary circumstance," as required for equitable tolling under Pennsylvania law, prevented her from filing her § 502(c) claim before the statute of limitations expired. *See Dubose v. Quinlan*, 173 A.3d 634, 644 (Pa. 2017); ECF No. 24 at 13. A plaintiff's earlier filing of a state

court action does not toll the statute of limitations for a federal cause of action when the plaintiff voluntarily withdraws her state court action. *Falsetti v. Loc. Union No. 2026, United Mine Workers of Am.*, 355 F.2d 658, 662 (3d Cir. 1966); *Glover v. Darway Elder Care Rehab. Ctr.*, No. 4:13-cv-1874, 2014 WL 931444, at *5 (M.D. Pa. Jan. 29, 2014) ("The filing of an earlier writ of summons in state court does not affect the statute of limitations if the plaintiff subsequently files a lawsuit in federal court[.]"). After a state action is commenced, the statute of limitations for a federal action is tolled only if the state action were removed to federal court, *Glover*, 2014 WL 931444, at *5, or if there were extraordinary circumstances such that equitable tolling would apply, such as, for example, filing in the wrong forum, *Oldham v. Pa. State Univ.*, 138 F.4th 731, 752–53 (3d Cir. 2025).

Plaintiff states that her "inability to access the governing Plan documents impaired her ability to understand the procedures applicable to her retirement-plan claims, including where such claims should be brought." ECF No. 26 at 3. This is not an extraordinary circumstance. Defendant's failure to furnish the requested information within the thirty-day deadline should have been sufficient to alert Plaintiff that she had an actionable claim. *See Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, No. 06-cv-2065, 2008 WL 2228841, at *7 (D. Conn. May 27, 2008) ("Given the plain language of the [ERISA] statute, the exercise of reasonable diligence would have informed [plaintiff] of her right to sue once the defendants failed to respond to her document request."). Therefore, Plaintiff's filing of the state court action did not toll the two-year statute of limitations that apply to her § 502(c) claim that was brought in federal court. And, even if the state action did toll the statute of limitations, reconsideration must still be denied because Plaintiff's initial state court action was itself untimely. As stated above, Plaintiff's

§ 502(c) claim against Defendant expired in August 2022. Plaintiff did not file her state court action until December 15, 2023, over a year after the statute of limitations had run.

For the reasons stated, the Court finds that the filing of Plaintiff's state court action did not toll the two-year limitations period applicable to Plaintiff's § 502(c) claim. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration on the grounds that her § 502(c) claim is still time-barred.

## II. CONCLUSION

Plaintiff has not presented new evidence or a change of law warranting reconsideration of this Court's May 29, 2026 Order dismissing Plaintiff's claim for failure to provide plan documents pursuant to ERISA, 29 U.S.C. §§ 1024, 1132(c) ("Count II"). Accordingly, Plaintiff's Motion for Reconsideration of Dismissal of Count II (ECF No. 26) is denied.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**