**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SACHA FERNANDEZ,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **PETER FAMIGLIO, individually and as Plan Administrator of Peter Famiglio 401(k) Plan,** ***Defendant.*** | : | **NO. 26-cv-0105** |

**MEMORANDUM**

**KENNEY, J.** **September 10, 2026**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Before the Court is Defendant's Motion to Strike and/or Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(f)(6) and 12(b)(6). ECF No. 29 (the "Motion to Dismiss"). To date, Plaintiff, who is proceeding *pro se*, has not filed any response to Defendant's Motion. For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss (ECF No. 29).

## I. DISCUSSION

The Court previously dismissed Plaintiff's First Amended Complaint (ECF No. 16) for failure to state a claim under ERISA § 510, 29 U.S.C. § 1140, and 31 U.S.C. § 3730(h). ECF No. 24. The Court also dismissed Plaintiff's claim for failure to provide plan documents pursuant to ERISA § 502(c), 29 U.S.C. §§ 1024, 1132(c), as time-barred.[1] *Id.* at 9–14. In its Order dismissing Plaintiff's First Amended Complaint without prejudice, the Court allowed Plaintiff thirty days to

[1] Plaintiff subsequently filed a motion for reconsideration of the Court's dismissal of this count, ECF No. 26, which the Court denied, ECF Nos. 30, 31.

file an amended complaint rectifying the deficiencies identified in the dismissed complaint.[2] ECF No. 25. Plaintiff timely filed her Second Amended Complaint on June 18, 2026. ECF No. 27.

However, the Second Amended Complaint fails to cure the statute of limitations issue that plagued the First Amended Complaint. The Second Amended Complaint sets forth the same factual allegations that were detailed in the First Amended Complaint, including that Plaintiff ended her employment with Defendant in January 2020, first requested information concerning her benefits under Defendant's 401(k) plan in July 2020, and did not receive the requested plan information. *Compare* ECF No. 27 *with* ECF No. 16. Thus, Plaintiff was aware of her alleged injury, that Defendant had failed to furnish the requested plan documents, by August 2020. ECF No. 27 ¶¶ 6–14; *see* ECF No. 24 at 11–12. And so, for the reasons stated in the Court's Memorandum Opinion dismissing Plaintiff's First Amended Complaint, Plaintiff's claims against Defendant for failure to provide requested 401(k) plan documents began to accrue by August 2020. ECF No. 24 at 9–14.

The Second Amended Complaint purports to assert a claim for recovery of benefits under Section 502 of ERISA, 29 U.S.C. § 1132(a)(1)(B), and a claim for equitable relief under Section 502 of ERISA, 29 U.S.C. § 1132(a)(3). ECF No. 27 ¶¶ 45–53. Section 1132(a)(1)(B) "allows a plan participant or a beneficiary 'to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 305 (3d Cir. 2008) (quoting 29 U.S.C. § 1132(a)(1)(B)). While Plaintiff claims that "Defendant[] failed to distribute

[2] Contrary to Defendant's argument that the Second Amended Complaint should be stricken "because Plaintiff did not obtain consent from Defendant or approval from the Court before filing the Seconded Amended Complaint," ECF No. 29 at 4, the Court's Order dismissing the First Amended Complaint explicitly permitted Plaintiff to amend her complaint, ECF No. 25, and so, it was not necessary for Plaintiff to seek the Court's approval prior to filing the Second Amended Complaint.

benefits owed to Plaintiff within a reasonable period following her separation from employment," she also states that she received the remaining distribution of her 401(k) funds from Defendant "on or about April 29, 2024." ECF No. 27 ¶¶ 32, 47. As such, there are presently no "benefits due to [Plaintiff] under the terms of the plan" for her to recover. 29 U.S.C. § 1132(a)(1)(B).

Construed liberally, Plaintiff's allegations in the Second Amended Complaint that she requested plan information from Defendant in July 2020 and did not receive the requested information can be read as pursuing a claim under 29 U.S.C. § 1132(a)(1)(B) "to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." *Id.*; ECF No. 27 ¶¶ 6, 10–11, 14. In Pennsylvania, the statute of limitations applicable to a claim under 29 U.S.C. § 1132(a)(1)(B) is four years. *Hahnemann Univ. Hosp.*, 514 F.3d at 305–06 (explaining that courts turn to the most analogous state statute of limitations when a statute such as ERISA does not include its own statute of limitations for a particular cause of action, and the cause of action most analogous to a claim under 29 U.S.C. § 1132(a)(1)(B) is a breach of contract claim); 42 Pa. Cons. Stat. Ann. § 5525(a)(8). As explained, Plaintiff's claim against Defendant for failing to provide her with requested plan documents began to accrue sometime around or after August 2020, and so, her § 1132(a)(1)(B) claim expired by the end of August 2024 or shortly thereafter. Plaintiff did not file the above-captioned action until January 8, 2026, after the statute of limitations for her § 1132(a)(1)(B) claim had expired. *See* ECF No. 1. Therefore, Plaintiff's 29 U.S.C. § 1132(a)(1)(B) is time-barred.

As for Plaintiff's claim under 29 U.S.C. § 1132(a)(3), construed liberally, the allegations in the Second Amended Complaint that "Defendant[] failed to provide information necessary for Plaintiff to understand and exercise her rights concerning Plan benefits, determine the value of her retirement account, and pursue distribution of retirement benefits" can be read as stating a claim

for breach of fiduciary duty, which is a cognizable claim under 29 U.S.C. § 1132(a)(3). ECF No. 27 ¶ 49; *see Raymond v. Barry Callebaut, U.S.A. LLC*, 510 F. App'x 97, 99 (3d Cir. 2013). The statute of limitations for an action under 29 U.S.C. § 1132(a)(3) runs from the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113. For the reasons stated in the Court's Memorandum Opinion dismissing Plaintiff's First Amended Complaint, Plaintiff had actual knowledge that Defendant had failed to provide her with the requested plan information sometime around the end of August 2020, which was more than a month after Plaintiff's initial request to Defendant for the plan information. ECF No. 24 at 11. As such, Plaintiff's breach of fiduciary duty claim began to accrue by the end of August 2020. Because Plaintiff had actual knowledge of Defendant's breach, the three-year statute of limitations applies, and so, her § 1132(a)(3) claim expired by the end of August 2023 or shortly thereafter.

For the reasons stated, Plaintiff's claims in the Second Amended Complaint are time-barred. Plaintiff's Second Amended Complaint will be dismissed with prejudice because amendment would be futile, given Plaintiff's "fail[ure] to cure the pleading deficiencies previously identified in the [First Amended Complaint]." *Bello v. Cap. One Bank USA N.A.*, No. 23-cv-2758, 2024 WL 2794418, at *2 (3d Cir. May 31, 2024) (per curiam).

## II. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 29) and will dismiss Plaintiff's Second Amended Complaint with prejudice. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**